UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
IN RE: APPLICATION AND PETITION OF          :
LORENZO MARIANI FOR ORDER TO TAKE              ORDER
DISCOVERY FOR USE IN A FOREIGN              :   20 Misc. 152 (JGK) (GWG)
PROCEEDING PURSUANT TO 28 U.S.C. § 1782
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      Petitioner Lorenzo Mariani applies pursuant to 28 U.S.C. § 1782 for an order authorizing petitioner to issue and serve a subpoena duces tecum on Citibank, N.A. ("Citibank") for use in a pending divorce proceeding in the Ordinary Court of Florence, Italy.[1]

      "In ruling on an application made pursuant to [S]ection 1782, a district court must first consider the statutory requirements and then use its discretion in balancing a number of factors." Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 80 (2d Cir. 2012). Under Section 1782, a discovery request may be granted where: "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." Id.; accord 28 U.S.C. § 1782.

      Each of Section 1782's requirements is met by the instant petition. Citibank resides in the Southern District of New York. See Mem. at 5-6; Docket # 3-3 (Citibank's SEC filing indicating their principal place of business is New York, New York). The requested discovery is for use in a divorce proceeding in a foreign tribunal --- the Ordinary Court of Florence, Italy. Mem. at 6; Docket # 5-1 (Redacted Petition for Dissolution of Marriage filed in Ordinary Court of Florence, Italy); Docket # 5-2 (Proof of Service of Petition for Dissolution of Marriage). And the application is made by Lorenzo Mariani, who is obviously a party interested in the divorce proceeding. See Mem. at 6-7; Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, L.L.P., 798 F.3d 113, 119 (2d Cir. 2015) (term "interested person" includes, among others, litigants).

      Once Section 1782's requirements are met, "a district court is free to grant discovery in its discretion." In re Application for an Order Permitting Metallgesellschaft AG to take Discovery, 121 F.3d 77, 78 (2d Cir. 1997) (internal citation omitted). However, "[t]he United States Supreme Court has outlined four 'factors that bear consideration in ruling on a [Section] 1782(a) request': (1) whether the person from whom discovery is sought is a participant in the

---

[1] See Motion for Discovery, filed Mar. 12, 2020 (Docket # 1); Declaration of Matthew S. Barkan, filed Mar. 12, 2020 (Docket # 3) ("Barkan Decl."); Declaration of Lorenzo Mariani, filed Mar. 12, 2020 (Docket # 4) ("Mariani Decl."); Declaration of Carla Anastasio, filed Mar. 12, 2020 (Docket # 5) ("Anastasio Decl."); Memorandum of Law in Support of Motion for Discovery, filed Mar. 12, 2020 (Docket # 6) ("Mem.").

foreign proceedings at issue; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) whether the 'request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States': and (4) whether the request is 'unduly intrusive or burdensome.'"  In re Doosan Heavy Indus. & Constr. Co., Ltd., 2020 WL 1864903, at *1 (E.D.N.Y. Apr. 14, 2020) (quoting Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65 (2004)).

      Here, each of the discretionary factors weights in favor of granting the instant petition. First, Citibank is not a party to the divorce proceeding in the Ordinary Court of Florence, Italy. See Mem. at 7-8.  Second, petitioner has also produced evidence that the Ordinary Court of Florence, Italy would be receptive to materials produced pursuant to his application.  See Mem. at 8-9; Anastasio Decl. ¶¶ 7-9; Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1100 (2d Cir. 1995) ("[A] district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782.").  Third, petitioner does not appear to be attempting to circumvent foreign evidentiary restrictions; rather, it appears he is attempting to obtain "relevant information that the [foreign tribunal] may find useful but, for reasons having no bearing on international comity, . . . cannot obtain under [its] own laws."  Intel Corp., 542 U.S. at 262.  Fourth, the limited discovery sought by petitioner --- "monthly statements, from January 1, 2012 through the present" for checking accounts under the control of petitioner's spouse --- appears to be neither burdensome nor intrusive.  See Mem. at 10; Docket 3-2 at 8 (proposed subpoena).

      Finally, because Citibank will have the opportunity to challenge petitioner's subpoena once served, we find it appropriate to grant the petition ex parte.  See Gushlak v. Gushlak, 486 Fed. App'x. 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte.").  Accordingly, the petitioner's application is granted.

      SO ORDERED.

Dated: April 16, 2020
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge